## Pompetti v. Montagna et ux.

*Raspin, Espenshade & Heins,* for plaintiff.
*Henry W. Balka* and *Harry L. Clark,* for defendants.

FLOOD, J., June 29, 1942.—Plaintiff avers that defendants entered into a written agreement to sell him premises 1815 South Twenty-first Street, in the City of Philadelphia, for the price of $6,300, of which $200 was paid on account at the execution of the agreement, $3,100 was to be paid in cash at settlement, and the balance was to be in the form of a purchase-money bond and mortgage to secure the sum of $3,000. At the time of settlement plaintiff tendered the $3,100 in cash and purchase-money bond and mortgage in favor of defendants to secure the sum of $3,000. Defendants refused to convey the property or execute the deed upon the ground that plaintiff, being 29 years of age, was and is subject to induction into the armed forces of the United States which defendants believe might affect their ability to collect upon said bond and mortgage and for that reason they insisted upon the full payment of the purchase price in cash. Plaintiff avers that he is still ready and willing to complete his agreement and

prays that defendants be restrained from conveying, selling, encumbering or transferring the premises, and that, upon payment of the balance due upon an adjustment of the various charges as stipulated for in the agreement, defendants be directed to convey the premises free and clear of all encumbrances.

The answer admits the agreement but avers that the purchase-money mortgage was, under the terms of the agreement, subject to approval by defendants, and that, further, it was orally agreed at the time the agreement was executed that defendants would not approve any purchase-money mortgage if plaintiff should be subject to call for military service, and that plaintiff agreed, in such case, to obtain the mortgage elsewhere and pay defendants the balance of the price in cash. Defendants further aver that plaintiff is subject to call for military service and they refuse to accept the purchase-money mortgage offered by him and he refused to pay the balance of the purchase money in cash.

The issues are:

1. Does defendants' right to approve the form of the purchase-money mortgage give them the right to refuse any purchase-money mortgage?

2. Is an oral agreement between the parties entered into contemporaneously with the written agreement valid and binding as a modification of the written agreement? . . .

This is a bill for specific performance of defendants' contract to sell a piece of real estate to plaintiff. Part of the consideration was to be a purchase-money mortgage to secure the sum of $3,000. The affidavit of defense did not deny a tender in the form provided by the written contract but averred that the parties had made an oral agreement at the time of the execution of the written contract to the effect that if plaintiff was subject to call for service in the armed forces of the United States he would give them $3,000 in cash instead of this purchase-money mortgage.

At the trial, defendants offered to prove the making of this oral agreement, and that defendants did not understand English well and relied upon plaintiff's oral promise to pay the full price in cash. This offer was properly excluded. Such a contemporaneous oral agreement, contradicting and varying the written contract, is inadmissible under the parol evidence rule. Reliance upon the oral agreement by defendants or their difficulty with the language does not take the case out of the rule.

Defendants, under the agreement, had the right to approve the mortgage as to form. This clause, however, does not give them the right to reject any mortgage executed by plaintiff.

Plaintiff has complied with all the terms of his agreement and is entitled to a decree of specific performance.

### Conclusions of law

1. Under the agreement of the parties, plaintiff is entitled to the conveyance of said premises to him by the defendant upon compliance with the requirements of the written agreement.

2. The alleged oral agreement of the parties is inadmissible in evidence under the parol evidence rule since it is an attempt to show a modification of a written contract by a contemporaneous oral agreement.

### Decree nisi

And now, June 29, 1942, it is hereby ordered, adjudged, and decreed as follows:

1. That defendants Carolo M. Montagna and Giuseppina Montagna, his wife, shall make, execute, and deliver a deed to plaintiff, John J. Pompetti, for premises known as 1815 South Twenty-first Street, in the City and County of Philadelphia, free and clear of all encumbrances, upon the delivery of a duly-executed bond and mortgage given by plaintiff, John J. Pompetti, to defendants Carolo M. Montagna and Giuseppina Montagna, his wife, to secure the payment of the sum of

$3,000, upon the terms as provided in the written agreement of sale and upon payment in lawful money of the United States of America of the balance due upon and adjustment of the various charges, as stipulated in the said agreement.

2. That defendants Carolo M. Montagna and Giuseppina Montagna, his wife, are perpetually enjoined from conveying, selling, encumbering, or transferring the said premises known as 1815 South Twenty-first Street, Philadelphia, Pa., to any person other than the said John J. Pompetti, plaintiff herein.